**SO ORDERED.**

**SIGNED April 01, 2010.**



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                                CASE NO: 09-32854
TIMOTHY KEVIN MABRY

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came before the Court on the Objection of the Standing Chapter 13 Trustee to confirmation to a plan under Chapter 13. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (L). Jurisdiction is proper per 28 U.S.C.§1334 and by reference from the district court. No party has moved to withdraw the reference the district court has not done so on its own motion. The plan was confirmed at a hearing on March 31, 2010, following argument and an oral adjustment of the attorney fees pursuant to the Standing Order of this Court dated March 5, 2010. This Court supplements the ruling in Court by these written reasons.

**Factual History**

Debtor filed a voluntary petition and plan under Chapter 13 on December 21, 2009. The plan proposed payments to the trustee of $104.00 per month for 36 months, for which counsel to debtor sought therein to be compensated $2,800.00 in attorney fees. As proposed, since attorney fees are paid through the plan payments to the Chapter 13 Trustee, it would take more than 27 months of $104 payments of the proposed 36 months to pay only the attorney fees, before a single creditor would be paid. The Chapter 13 Trustee filed an objection to confirmation, asserting that the attorney

fees were excessive, that the plan was not filed in good faith, inasmuch as the debtor had limited income, few secured or priority claims, and that the debtor, creditors, and the estate would be better served if the case was a Chapter 7 case. Alternatively, the Trustee suggested that if the plan was confirmed, the compensation requested by debtor's counsel be reduced to an amount equal to a reasonable fee for a Chapter 7 case in this District.

Debtor and his counsel appeared at the hearing. Counsel reported that the debtor was a single father, with full custody of a minor child. She explained that the debtor fully understood the possibility of filing a Chapter 7, but that he "just felt better attempting to pay something toward his debts." The debtor acknowledged that intention. With that explanation, the Trustee withdrew the objection as to the bad faith, but reserved the issue of the attorney fees.

This is the type of case that prompted this Court to file the reasons for decision in the cases of *Bradford, Deselle*, and *Moreland*, ((09-81251, 09-81270, 09-80600) 12/23/09)). Therein, the Court expressed its concern over the number of cases where debtor's counsel sought the maximum compensation under the then prevailing "No Look" fees in the district, which varied between the three bankruptcy judges. In cases where a "de minimis" plan payment was proposed, the Court observed that the fixing of attorney compensation at the maximum amount (as if it were an entitlement) worked an injustice. The undersigned proposed certain adjustments to compensation, culminating in a long-practiced in the Alexandria division, but not codified, "10% rule" in such cases, i.e., where the proposed plan payment was less than $200, the attorneys fees could not exceed ten times the plan payment. In addition to being a reasonable fee, the rule had the effect of a practical purpose as well in that the attorneys fees were always paid within the first ten months of the plan term, meaning creditors were paid sooner.

Subsequent to the publication of the reasons in *Bradford, Deselle*, and *Moreland*, the three sitting bankruptcy judges in the Division were encouraged for the sake of uniformity within the district to adopt a Standing Order, which incorporated the 10% rule, but that Order permitted an enhancement under the rule for payments to "claimants or creditors under the plan." That pertinent section provides:

> (5) In cases were the monthly plan payments to the trustee are less than $200 per month, the no-look fee will be reduced to the higher of:
>
>     (A) 10x the monthly plan payment paid to the Chapter 13 Trustee; or

(B) If the Plan provides for specific monthly disbursements under the plan to creditors/claimants by both the Trustee and the Debtor, the 10x the total amount to be disbursed on a monthly basis to such creditors/claimants by both the Trustee and the Debtor under the Plan and in no event to exceed $2800.

Although this Court was initially concerned that part (B) of Section (5) totally eviscerated the 10% Rule, it's acquiescence to same was a recognition that debtors may pay home mortgages directly to the claimants/creditors. Further, this Court respects and enforces the policy of the United States Trustee that only home mortgage payments, and no other, may be paid directly by the Debtor to the creditor rather than through the Chapter 13 Trustee.

As applied to the Mabry case, with the Trustee's objection as to compensation still outstanding, the Court suggested that it would entertain an oral modification by Debtor's counsel to reduce the compensation requested to 10x the payment under the plan, since the plan reflected that no secured claims (no home mortgage) or in fact, any other payment(s) were being made direct by the debtor. Counsel urged, however, that the Court should recognize that the debtor was paying rent, and that such payments were pursuant to an executory contract, and thus justified her fee enhancement. The Court rejected this contention. The Court confirmed the plan after Counsel agreed to the reduced fee as described above. This Court's post-hearing review of the schedules and statements further justifies its conclusions and ruling.

Debtor's Schedule F lists no creditor holding a claim for rent and Schedule G lists no executory contracts, contrary to counsel's argument in open court. On Schedule J, debtor lists monthly rent of $550.00 a month. Debtor's Chapter 13 Statement of Current Monthly Income (Form B22C) lists gross monthly income of $1,116.06. The annualized income on Line 15 is substantially less than the amount for the "applicable median family income" on line 16.[1] Thus, debtor was not required to complete Part II. Had he been required to do so, however, this Court does not envision rent as equating to mortgage payments for the purpose of the Standing Order, regardless of the placement on Form B22C.

The enhanced fees for direct payments contemplated by the Standing Order envision

---

[1]Debtor lists a household size of three.
3

09-32854 - #15  File 04/01/10  Enter 04/05/10 16:23:57  Main Document  Pg 3 of 4

payments to secured creditors or claimants; or at a minimum, which is *not* the case here. Further, even if the Court were to disregard the United States Trustee's policy discussed above, if not to *secured* creditors/claimants, some factor(s) in the nature of the debt or claim that might require some effort on the part of debtor's counsel must be required. For example, a domestic support obligation or a student loan claim might precipitate some actual work on the part of debtor's counsel, as opposed to simply asking the debtor to list the payments for rent, utilities, food, clothing and entertainment on Schedule J. The Order clearly references payments "under the plan." In this case, the plan discloses no direct payments to any claimant/creditor and no executory contracts.[2] Even further, following counsel's line of reasoning, any monthly expense of the debtor, for instance a utility bill, could be use as a prop merely to enhance the counsel's fee in an attempt to avoid application of the 10% Rule, and this Court rejects that reasoning entirely.

## CONCLUSION

The request to enhance the fee pursuant to the Standing Order based on the debtor's direct payment of rent is rejected. Compensation for Debtor's Counsel is reduced to the amount shown in the Order of Confirmation, which serves as the separate Order for these Reasons.

# # #

---

Whether a case involving a disputed claim for rent, with rentals in default, and where the debtor's assumption or rejection of an executory contract became a contested matter under the Code, and the plan proposed to actually assume and cure the defaults in rent under the plan, or indeed, to reject a lease under the plan, might compel a different result, is not before the Court in this case. Here, we have nothing more than a brazen attempt to justify enhanced compensation with no factual basis in the record.